UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JACQUES LAPREAD,

    Plaintiff,

v.                                                                                  Case No: 8:23-cv-727-CEH-AAS

DANIEL SLAUGHTER,

    Defendant.

**ORDER**

This matter is before the Court upon Defendant's Motion to Dismiss Complaint and Incorporated Legal Memorandum. Doc. 11. On March 20, 2023, Plaintiff Jacques LaPread initiated this action against Defendant, Daniel Slaughter, in his Official Capacity as Clearwater Police Department Chief of Police. Doc. 1-1. The action was filed in the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, State of Florida. *Id.* Defendant removed the case to this court on April 3, 2023, based on federal question jurisdiction. *See* Doc. 1.

Plaintiff brings eight counts under federal and state law: a Fourth Amendment claim under 42 U.S.C. § 1983; a Fourteenth Amendment Equal Protection Clause claim under 42 U.S.C. § 1983; an intentional discrimination claim under 42 U.S.C. § 1981; and state-law claims for assault, false arrest and imprisonment, battery, invasion of privacy and negligence. Doc. 1-1. Defendant moves to dismiss the complaint on the grounds that it is a shotgun pleading and fails to state a claim. Doc. 11. Plaintiff has

not filed a response. Instead, he filed a motion for leave to amend, which the Court denied without prejudice. Docs. 15, 19. Because the Complaint is a shotgun pleading, it will be dismissed without prejudice and Plaintiff will be given an opportunity to amend.

## BACKGROUND

Plaintiff's claims stem from his allegedly unlawful arrest by the Clearwater Police Department ("CPD"). Doc. 1 ¶¶ 13–45. He states that in June 2019, CPD received a 911 call stating that an individual's car was broken into and her ID and credit cards were stolen. *Id.* ¶¶ 13–14. According to police records, one of the credit cards was used soon after at several local businesses. *Id.* ¶¶ 16–17. The same evening, Plaintiff stopped at a gas station where the credit card had been used and withdrew $20 from an ATM. *Id.* ¶¶ 21–22. Several CPD officers investigating the incident observed Plaintiff at the gas station and took down his license plate number. *Id.* ¶ 26. Later that night, officers arrived at Plaintiff's home and arrested him for auto burglary and fraudulent use of a credit card. *Id.* ¶¶ 27–32. Several months later, the State Attorney's Office concluded that prosecution was not warranted. *Id.* ¶¶ 41–44. Plaintiff believes that prior to his arrest, CPD officers obtained video of the individual who had actually used the stolen credit card. *Id.* ¶ 27.

Plaintiff now brings eight counts against Defendant Chief Slaughter, three under federal law and five under state law. Doc. 1-1 ¶¶ 46–84. After this action was removed, Defendant moved to dismiss the complaint as a shotgun pleading and for failure to state a claim. Doc. 11. Defendant argues that the complaint is a shotgun

pleading because each count restates and re-alleges each of the allegations of all preceding counts. *Id.* at 2. He also argues that it is a shotgun pleading because it contains conclusory, vague, and immaterial facts. *Id.* Specifically, he argues that Plaintiff refers to Defendant as both Chief of Police for the City of Clearwater and the chief law enforcement officer in Pinellas County, Florida, without explaining how he could hold both roles at once, or how he has capacity to sue or be sued. *Id.* at 2–3.

Defendant also moves for dismissal of the complaint under Fed. R. Civ. P. 12(b)(6). *Id.* at 9–18. First, as to the Fourth Amendment § 1983 claim in Count One, he argues that Plaintiff does not allege that Defendant adopted a specific custom or practice that violated Plaintiff's rights. *Id.* at 3. Next, he argues that Count Three, a 42 U.S.C. § 1981 claim, does not include an allegation that Plaintiff's rights under a contractual relationship were impaired. *Id.* at 4. On various grounds, Defendant argues that the state law battery, assault, invasion of privacy, and negligence counts also fail to state a claim. *Id.* at 12–18.

Plaintiff moved for an extension of time to respond to the Motion to Dismiss. Doc. 12. The Court granted the unopposed motion and allowed Plaintiff an additional nineteen days. Doc. 13. On the day Plaintiff's response was due, he filed a motion for leave to amend his complaint "to address some of the issues" in the motion to dismiss. Doc. 15. Defendant responded in opposition to the motion for leave to amend, arguing that Plaintiff failed to set forth the substance of the proposed amendment or attach a copy of the proposed amended complaint. Doc. 17 at 2. The Court entered an endorsed order denying without prejudice Plaintiff's motion for leave to amend on June 8, 2023,

because Plaintiff failed to "either attach a copy of the proposed amendment to the motion or set forth the substance thereof." *Crawford's Auto Ctr., Inc. v. State Farm Mut. Auto. Ins. Co.,* 945 F.3d 1150, 1163 (11th Cir. 2019); Doc. 19. Plaintiff did not file an amended motion for leave to amend or a response to the motion to dismiss.

## LEGAL STANDARD

Complaints that violate either Rule 8(a)(2) or Rule 10(b) of the Federal Rules of Civil Procedure are often referred to as "shotgun pleadings." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). Ultimately, "[t]he unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323; *see Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) ("A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'").

Four types of shotgun pleadings exist. *Weiland*, 792 F.3d at 1321–22. The first and most common is a complaint that is deficient due to count "stacking": a complaint that contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where all but the first contain irrelevant information and/or legal claims. *Id.*; *see also Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 650 n.22 (11th Cir. 2010); *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006). Second, a court will strike a complaint "replete with

conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1322. The third type occurs when the pleading groups several causes of action together, each with its own legal standard. *See id.*; *see also Ledford v. Peeples*, 605 F.3d 871, 892 (11th Cir. 2010). The final type of shotgun pleading is one where multiple claims are asserted "against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1322. The core deficiency among all variants of the shotgun pleading is the failure to provide defendants with adequate notice of the claims against them and the accompanying grounds for relief. *Id.*

When faced with a shotgun pleading, a court should strike the complaint and instruct the plaintiff to file a more definite statement. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 984 (11th Cir. 2008) (collecting cases), *abrogated on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil dockets." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010). Shotgun pleadings require the district court to sift through allegations in an attempt to separate the meritorious claims from the unmeritorious, resulting in a "massive waste of judicial and private resources." *Id.* (internal quotation marks omitted). Thus, the Eleventh Circuit has established that a shotgun pleading is an unacceptable form of pleading.

## DISCUSSION

Defendant argues that the complaint here is a shotgun pleading in two ways. First, he argues that each count contains within it the allegations of all preceding counts. Doc. 11 at 5. Separately, he argues that the complaint contains conclusory, vague, and immaterial facts. *Id.* at 6. In support of the latter argument, Defendant contends that Plaintiff "paradoxically" alleges that Defendant, as Chief of Police for the City of Clearwater, is the chief law enforcement officer for Pinellas County, Florida, and responsible for providing primary law enforcement services to the residents of Pinellas County. *Id.* at 5. As for the second such fact, Defendant alleges that Plaintiff's 42 U.S.C. § 1983 Fourth Amendment claim is vague and contradictory because it "alleges an action under Article 1, §§ 9 and 12 of the Constitution of the State of Florida." *Id.* at 6–7. This, Defendant argues, is vague and contradictory because it does not allege that Plaintiff was deprived of a right under the United States Constitution or federal law. *Id.* at 7.

Defendant's first argument is persuasive, and the Court agrees that Plaintiff's complaint is due to be dismissed as a shotgun pleading. Each of Plaintiff's claims incorporates the substantive allegations of the preceding claims. Doc. 1-1 at ¶¶ 55, 60, 64, 67, 72, 75, 80.[1] This practice renders Counts Two through Seven a combination of

---

[1] Although Plaintiff does not incorporate the first paragraph of each Count into the subsequent Count(s)—for example, the first paragraph of Count Three (¶ 60) does not re-allege the first paragraph of Count Two (¶ 55)—this does not save the pleading from dismissal as a shotgun pleading. This is because each count still re-alleges the factual allegations from each of the preceding Counts, many of which are not material to Plaintiff's given cause of action.

all of the preceding allegations and Count Eight a combination of the entire complaint. Therefore, the complaint constitutes a shotgun pleading.

The second set of issues Defendant raises are pleading deficiencies more commonly addressed on motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), rather than shotgun pleading issues. However, the Court notes that Count I is indeed unclear, in that it refers to multiple "Defendants, acting under color of state law in their individual capacities" and mentions a number of different substantive claims, including that Plaintiff was detained without reasonable suspicion, arrested without probable cause, his Fourth Amendment Rights were violated, and excessive force was used. Doc. 1 ¶ 47. This is in addition to a "negligent supervision and training" claim mentioned in the same count. *Id.* ¶ 54. Plaintiff should ensure that any amended pleading does not group together more than one cause of action, each with its own legal standard, or assert claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions. *See Weiland*, 792 F.3d at 1322.

Because the Court has not previously ruled on a motion to dismiss in this matter, and Plaintiff has not amended his complaint, the Court will not address Defendant's remaining 12(b)(6) arguments for dismissal at this time, without the benefit of a response from Plaintiff.² Rather, the Court will dismiss the complaint as

---

² Although the Court declines to rule on Plaintiff's failure-to-state-a-claim arguments at this juncture, Defendant's argument that Plaintiff's § 1983 claim is deficient as it stands (Doc. 11 at 7) has merit. Specifically, "[t]o state a section 1983 claim, a plaintiff must point to a

7

a shotgun pleading and grant Plaintiff leave to file an amended complaint within fourteen (14) days which conforms to the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. The motion to dismiss is otherwise denied. In filing an amended complaint, Plaintiff must avoid shotgun pleading pitfalls and comply with applicable pleading requirements, including Fed. Rs. Civ. P. 8 and 10.

Accordingly, it is **ORDERED**:

1. Defendant Daniel Slaughter's Motion to Dismiss (Doc. 11) is **GRANTED-IN-PART** and **DENIED-IN-PART**.

2. Plaintiff's Complaint (Doc. 1-1) is **DISMISSED, without prejudice, as a shotgun pleading.**

---

violation of a specific federal right." *Whiting v. Traylor,* 85 F.3d 581, 583 (11th Cir. 1996) (emphasis added), *abrogated on other grounds by Wallace v. Kato,* 549 U.S. 384, 389–90 (2007).

The same is true of Defendant's arguments that, as Chief of a municipal police department, he does not have capacity to sue or be sued in his official capacity under federal and Florida law. Doc. 11 at 3; *Florida City Police Dept. v. Corcoran,* 661 So. 2d 409, 410 (Fla. 3d DCA 1995) ("The City correctly asserts that the Florida City Police Department is not a proper defendant in a suit for damages because the Police Department does not have the capacity to sue and be sued.").

Finally, Defendant argues that Plaintiff has failed to identify an impaired contractual relationship under 42 U.S.C. § 1981. Doc. 11 at 11. And he is correct that § 1981 itself does not provide for a private right of action against a municipality. *See Rioux v. City of Atlanta,* 520 F.3d 1269, 1273 n.3 (11th Cir. 2008) (holding that § 1983 provides the exclusive remedy for redressing violations of § 1981 against state actors); *Johnson v. City of Tampa,* No. 8:11-cv-2372-VHC-EAJ, 2012 WL 3243608, *4 (M.D. Fla. Aug. 9, 2012) (dismissing a § 1981 claim against a municipality). In filing an amended complaint, Plaintiff should remedy both the shotgun pleading issues identified in this order as well as any other deficiencies highlighted by Defendant's Motion.

3. Plaintiff is granted leave to file an amended complaint, which cures the deficiencies discussed in this Order, within **FOURTEEN (14) DAYS** of the date of this Order.  Failure to file an amended complaint within the time prescribed will result in the dismissal of this action, without prejudice, without further notice.

4. Defendant's Motion is in all other respects **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on November 17, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties